**SO ORDERED.**

**SIGNED this 03 day of August, 2010.**

_____
**Randy D. Doub
United States Bankruptcy Judge**
_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

**IN RE:**

| | |
|---|---|
| **SUZANNE S. CLIFTON,** | **CHAPTER 11** |
| | **CASE NUMBER:  09-02379-8-RDD** |
| **Debtor** | |

**ORDER DENYING MOTION TO SHOW CAUSE
WHY AUTOMATIC STAY HAS NOT BEEN VIOLATED
AND MOTION FOR INJUNCTION AND SANCTIONS**

Pending before the Court is the Motion to Show Cause Why Automatic Stay Has Not Been Violated and Motion for Injunction and Sanctions filed by Suzanne S. Clifton ("Clifton") on June 13, 2010 (the "Motion"), the Secretary of Labor's Response to Suzanne Clifton's Motion to Show Cause Why Automatic Stay Has Not Been Violated and Motion for Injunction and Sanctions filed by the Secretary of Labor (the "Sec. of Labor") on July 7, 2010 (the "Response"), and the reply to the Response filed by Clifton on July 9, 2010 (the "Reply").  The Court conducted a hearing on July 20, 2010 in Raleigh, North Carolina to consider the Motion, the Response, and the Reply.

The Motion filed by Clifton alleged that the Sec. of Labor had violated the automatic stay provision of 11 U.S.C. § 362(a) when it filed a Complaint in the United States District Court for the Eastern District of North Carolina, captioned as "Hilda L. Solis, Secretary of Labor, United States

Department of Labor, Plaintiff v. Suzanne S. Clifton, James O. McLamb, Jr. Castleton Group, Inc., Castleton Group Retirement Savings Plan, Castleton Group, Inc. Group Health, Case No. 5:10-cv-0004-FL" (the "District Court Lawsuit"). The District Court Lawsuit seeks money damages and injunctive relief against Clifton. More specifically, the Sec. of Labor requests an Order that the defendant restore the retirement plans of all losses, including interest or lost opportunity costs which may have occurred as a result of her breach of fiduciary duty; and that the retirement plans at issue set off the individual plan accounts of any defendants against the amount of losses, including lost opportunity costs which may have occurred as a result of breaches their fiduciary duties, if the losses are not otherwise restored to the plan by the defendants. In addition, the Sec. of Labor requests that it be awarded costs in connection with the District Court Lawsuit. As to injunctive relief, the Sec. of Labor seeks to permanently prevent the fiduciaries from serving as a fiduciary to ERISA-covered benefit plans in the future.

The Sec. of Labor argues that it has not violated the automatic stay provisions of Section 362(a) and alleges that its actions in the District Court Lawsuit fall within a governmental unit's police and regulatory power which is an enumerated exception to the automatic stay in Section 362(d)(4). The Sec. of Labor asserts that section 362(d)(4) has regularly been applied to litigation wherein the Department of Labor sought to apply its regulatory power under ERISA. The Sec. of Labor asserts that the monetary amounts being requested are not for penalties or fines, but are amounts that Clifton and the other defendants permitted to be deducted from the wages of plan participants but were never remitted to the Plans.

At the hearing on July 20, 2010, the Sec. of Labor admitted that if it prevailed in the District Court Lawsuit and damages were awarded in its favor against Clifton, the Sec. of Labor could not

enforce its judgment without involvement by the Bankruptcy Court. The Sec. of Labor asserts that it would seek payment of any judgment awarded to it on behalf of the retirement plans against the retirement plan held by Clifton.

Clifton argues that any damages awarded to the Sec. of Labor are unenforceable as any claim the Sec. of Labor may have had in this Bankruptcy Case has been disallowed pursuant to order of this Court[1]. The Sec. of Labor does not disagree that its claim has been denied by order of this Court and that its Complaint seeking the non-dischargeability of its debt was dismissed.[2] However, it relies on its belief that it may be able to attach Clifton's retirement plan funds without having a claim in the proceeding. Clifton disagrees and asserts that her retirement plan is not an asset of the estate as it was properly exempted on Schedule C and that there is no legal basis on which the Sec. of Labor could seek payment of any potential judgment from the retirement plan for its sole benefit since its claim had been disallowed by the Bankruptcy Court.

---

[1] The claim of the Sec. of Labor was disallowed by Order of this Court on November 3, 2010. Prior to the entry of the order disallowing the claim, on April 23, 2009, Clifton filed a Notice of Disputed, Contingent, and Unliquidated Claims based on Local Rule 3002-1 alleging that the certain claims listed on the schedules she filed were disputed, contingent, or unliquidated (the "Notice"). The claim of the Sec. of Labor was listed on the Notice and the Notice was properly served. The Sec. of Labor did not file a response to the Notice.

Subsequently, on September 23, 2009, Clifton filed her Objection to Claims and Notice Thereof (the "Claim Objection"). Included as part of the Claim Objection was the claim of the Department of Labor, which was properly served on the requisite parties. The Sec. of Labor failed to respond to the Claim Objection or file a proof of claim in this proceeding. Because no response was filed, an Order Allowing Objections to Claims and denying the claim of the Sec. of Labor was entered on November 3, 2009. Thereafter, the Sec. of Labor failed to timely file a motion to reconsider or appeal the order disallowing its claim.

[2] An Order Granting the Motion to Dismiss was entered by this Court on June 18, 2010. *See* Solis v. Clifton, Adversary Proceeding 10-00002-8-RDD, docket entry 15.

3

However, these arguments are speculative and not before the Court.[3] At issue before the Court is whether or not the Sec. of Labor violated the automatic stay provision of Section 362(a) when it filed and proceeded with the District Court Lawsuit.

Based on the exception set forth in Section 362(b)(4), the Sec. of Labor did not violate the automatic stay by seeking injunctions against further violations of ERISA and permanently preventing the fiduciaries from serving as fiduciaries to ERISA-covered employee benefits plans in the future. Furthermore, the Sec. of Labor did not violate the automatic stay when it sought a monetary award for repayment of the losses for funds contributed by employers and employees to the Castleton Group, Inc.'s Retirement Plan and Group Health Plan.

When a debtor files for bankruptcy, 11 U.S.C. § 362(a) automatically stays creditor actions against the debtor that may impact the bankruptcy estate. *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 864 (4th Cir. 2001). In fact, 11 U.S.C. § 362(a) provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 this title [11 U.S.C.S. § 301, 302 or 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 U.S.C.S. § 78eee(a)(3)], operates as a stay, applicable to all entities, of --
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover

---

[3] Should the Sec. of Labor obtain a judgment and seek to collect such monies outside of the context of the Bankruptcy Court, Clifton may seek monetary sanctions if such acts violate the automatic stay. However, at this point, the Sec. of Labor is not attempting to collect any monies. It is only seeking an injunction and an award of damages. Furthermore, even if this action does not violate the automatic stay, Clifton had the option to file a Motion to Dismiss the District Court Lawsuit and could seek Rule 11 Sanctions if she feels as though filing the lawsuit and proceeding with the case seeking an injunction and money award was in bad faith, frivolous, or barred by the disallowance of the claim by the Bankruptcy Court. This Court recognizes these options but does not take a position on the success or failure of such arguments.

> a claim against the debtor that arose before the commencement of the case under this title....

A chief purpose of the automatic stay is to allow for a systematic, equitable liquidation proceeding by avoiding a "chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *Safety-Kleen, Inc.*, 274 F.3d at 864, *(quoting Fidelity Mortgage Investors v. Camelia Builders, Inc. (In re Fidelity Mortgage Investors)*, 550 F.2d 47, 55 (2d Cir. 1976)).

However, a governmental regulatory exception to the automatic stay exists. Section 362(b)(4) provides that the filing of a petition for bankruptcy does not stay "the commencement or continuation of an action or proceeding by a governmental unit...to enforce such governmental unit's...police and regulatory power." *Berg v. Good Samaritan Hospital*, 230 F.3d 1165, 1168 (9th Cir. 2000) (citing 11 U.S.C. § 362(b)(4)). This exemption "prevents the bankruptcy court from becoming a haven for wrongdoers." *Berg* , 230 F.3d at 1168 (quoting *O'Brien v. Fischel*, 74 B.R. 546, 550 (Dist. Haw. 1987)).

The difficulty in applying this exception comes in distinguishing between situations in which the state acts pursuant to its "police and regulatory power" and situations in which the state acts merely to protect its status as a creditor. *Safety-Kleen, Inc.*, 274 F.3d at 865. There are two alternative tests used to determine whether the actions of a governmental unit are an exercise of its police and regulatory power as defined in Section 362(b)(4) - those being, (1) the pecuniary purpose and (2) the public policy test. *City & County of S.F. v. PG & E Corp.*, 433 F.3d 1115, 1123-24 (9th Cir. 2006) (citing *In re Universal Life Church*, 128 F.3d 1294, 1297 (9th Cir. 1997)). See also *In re Berg*, 230 F.3d 1165, 1167 (9th Cir. 2000); *Chao v. Morris*, 2007 WL 91613, *1 (Dist. Az.).

First, "the pecuniary purpose test" asks whether the government primarily seeks to protect a pecuniary governmental interest in the debtor's property, as opposed to the protection of the public safety and health. *Martin v. Friedman*, 133 B.R. 609, 611 (N.D. Oh. 1991). By contrast, the "public policy test" asks whether the government is effectuating public policy or adjudicating private rights. *Id*. If the purpose of the law is to promote "public safety and welfare," or to "effectuate public policy," then the exception to the automatic stay applies. *Safety-Kleen Corp*., 274 F.3d at 865. (citing *Universal Life Church*, 128 F.3d at 1297; *NLRB v. Edward Cooper Painting, Inc*., 804 F.2d 934, 942 (6th Cir. 1986) (internal quotation marks omitted). If, on the other hand, the purpose of the law relates "to the protection of the government's pecuniary interest in the debtor's property" or to "adjudicate private rights," then the exception is inapplicable. *Safety-Kleen Corp*., 274 F.3d at 865. (citing *Universal Life Church*, 128 F.3d at 1297 and *Edward Cooper Painting*, 804 F.2d at 942 (internal quotation marks omitted)).

Second, in determining whether the governmental action satisfies the public policy test, the inquiry is objective: we examine the purpose of the law that the state seeks to enforce rather than the state's intent in enforcing the law in a particular case. See *United States v. Commonwealth Cos. (In re Commonwealth Cos.)*, 913 F.2d 518, 523 n.6 (8th Cir. 1990); *United States v. Grooms*, 1997 WL 578752 at *3 (W.D. Va.).  Congress has found:

> that the continued well-being and security of millions of employees and their dependents are directly affected by these [employee benefit] plans; that they are affected with a national public interest; . . . it is desirable in the interests of employees and their beneficiaries, and to provide for the general welfare and the free flow of commerce, that disclosure be made and safeguards be provided with respect to the establishment, operation and administration of such plans.

29 U.S.C. § 1001(a).

In other words, "actions brought by the Secretary [of Labor] to enforce provisions of ERISA are actions to effectuate public policy, and incidental benefits from the enforcement of the Act should not convert such enforcement from one of public policy to one characterized as an adjudication of individual rights." *Dole v. Hansbrough,* 113 B.R. 96, 98 (D.D.C. 1990). More important, suits such as this one were clearly intended to further an important public policy. *Metzler v. Bennett,* 1998 WL 187454 (N.D.N.Y.). This action is the type of regulatory action which Congress had in mind when it developed the exceptions to the automatic stay. *Donovan v. Porter*, 584 F.Supp. 202 (D. Md. 1984).

"[C]ourts have uniformly held that an enforcement action by the Secretary of Labor under ERISA constitutes the exercise of 'police and regulatory power' within the meaning of § 362(b)(4), and that the automatic stay provisions of § 362(a) does not apply." *Dole v. Hansbrough*, 113 B.R. 96, 97 (D.D.C. 1990). See also *Chao v. Morris,* 2007 WL 91813 (Dist. Az. 2007); *Chao v. Bennett*, 2006 WL 19994838 (N.D.N.Y 2006); *Metzler v. Bennett*, 1998 WL 187454 (N.D.N.Y. 1998); *Martin v. Friedman*, 133 B.R. 609 (N.D. Oh. 1991); *Donovan v. Porter*, 584 F. Supp. 202 (Dist. Md. 1984).

The Court finds this policy sound and in the best interest of public interest. The Sec. of Labor is not seeking to obtain a money judgment for itself in this case. Instead, it is seeking funds to replenish the retirement accounts where the defendants in the District Court Lawsuit, including Clifton, allegedly breached their fiduciary duties to do so when such funds were collected. The Sec. of Labor does not claim a pecuniary interest in the property of Clifton for itself, but instead seeks to enforce the defendants' fiduciary interest in the various employee benefit plans under ERISA. Therefore, the Sec. of Labor satisfies the pecuniary purpose test.

Furthermore, the Sec. of Labor satisfies the public policy test as it is focused on the public policy of deterrence and protection of the public. The request for an injunction and monetary award would potentially deter other individuals from breaching their fiduciary duties in connection with an ERISA plan if it were aware of the Sec. of Labor's active role in seeking reimbursement when duties are breached.  Similar to the pecuniary purpose test, the funds that the Sec. of Labor seeks in its complaint are being sought on behalf of the ERISA plans in which the defendants, including Clifton, allegedly failed to deposit funds received by the employers and employees of the companies for which the ERISA plans were established.  This purpose focuses on the protection of employee benefit plans and promotes the policies of ERISA.

Therefore, the Sec. of Labor satisfies both tests to satisfy the exception to the automatic stay set forth in Section 362(b)(4).  Since the exception to the automatic stay applies, the actions, thus far, of the Sec. of Labor in seeking a monetary judgment and an injunction against Clifton in the District Court Lawsuit, despite her bankruptcy filing, do not violate the automatic stay set forth in Section 362(a).  As a result, the Motion to Show Cause Why Automatic Stay Has Not Been Violated and Motion for Injunction and Sanctions is  **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**