**SO ORDERED.**

**SIGNED this 14 day of September, 2011.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:

SUZANNE S. CLIFTON,                                     CHAPTER 11
                                                        CASE NO. 09-02379-8-RDD
        DEBTOR.

### ORDER CONVERTING CASE FROM CHAPTER 11 TO CHAPTER 7

Pending before the Court is the Motion to Convert Case to Chapter 7 filed by Lawrence E. Clifton on July 26, 2011 (the "Conversion Motion"), the Response in Support of the Motion to Convert Case to Chapter 7 filed by the Bankruptcy Administrator on July 28, 2011 and the Debtor's Response and Objection to Motion to Convert, filed by Suzanne S. Clifton (the "Debtor") on August 2, 2011. A hearing was held in Wilson, North Carolina on September 14, 2011 to consider the Conversion Motion and the responses.[1]

Lawrence E. Clifton ("Mr. Clifton") requests that the Court convert this case based on the substantial and continuing losses to or diminution of the estate; and the absence of a reasonable

---

[1] Counsel for Regions Bank, RBC Bank, Chevy Chase Bank, FSB, the Internal Revenue Service, the United States Attorney General and Richard D. Sparkman, Trustee for the Castleton Group, Inc. were present at the hearing and supported the Motion to Convert Case to Chapter 7.

likelihood of reorganization. On March 24, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

Mr. Clifton is the joint owner with his spouse, the Debtor, of: (i) a house located at 760 Harbour Isle Court, West Palm Beach, Florida as tenants in common (the "Florida Property"); (ii) a house located at 2601 N. Lumina Ave., Wrightsville Beach, NC as tenants by the entireties (the "Wrightsville Property"); and (iii) a house located at 208 Bordeaux Lane, Cary, NC 27511 as tenants by the entireties. On May 26, 2009, the Debtor entered into a mediated settlement agreement, which was approved by order of this Court on July 8, 2009 (the "Settlement Agreement"). The Settlement Agreement settled certain adversary proceedings and gave the Debtor twenty-four (24) months to market and sell the Florida Property and the Wrightsville Property. As of the September 14, 2011 hearing date, these properties had not been sold. Evidence established that the fair market values of the Florida Property and Wrightsville Property were declining, and the balances owed on secured claims on said properties were increasing. Evidence shows no equity in those properties.

At the hearing, the parties presented a joint motion for Entry of Order Concerning Stipulated Resolution in Lieu of Trial. The stipulation order was signed by the Debtor and the Internal Revenue Service and reduced the amount of the Internal Revenue Service's priority tax claim of $7,018,412.00 to $2,900,000.00. There was no evidence presented at the hearing that the Debtor will be able to pay this claim required for confirmation of a Chapter 11 plan of reorganization.

The monthly reports filed by the Debtor do not show any disposable income which could be made available to fund payments to creditors.

Section 1112(b)(1) of the Bankruptcy Code states:

(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and

> a hearing, absent *unusual circumstances* specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court ***shall*** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

(emphasis added).  In this case, there are no unusual circumstances which would establish that conversion is not in the best interests of the creditors and the estate.  Under subsection (2) of § 1112(b), the unusual circumstances which would warrant the Court not granting the motion to convert are if:

> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in section 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) ---
>
> > (i) for which there exists a reasonable justification for the act or omission; and
> > (ii) that will be cured within a reasonable period of time fixed by the court.

In this case, it is doubtful that the Debtor would have the ability to confirm any proposed plan.  At the hearing, the Debtor failed to present any concrete evidence of debtor-in-possession financing or specific financing terms.  For example, the Debtor was questioned how she intended to fund a plan of reorganization .  She stated that she had two transactions which could fund the plan, but the terms of these transactions were confidential, so therefore she could not discuss these transactions with the Court.  Additionally, evidence was presented that the Debtor sold a ring, which is property of the estate, for $15,000.00 without Court approval and the Debtor obtained a $40,000.00 loan without Court approval.  The Debtor denied that she sold the ring or obtained a $40,000.00 loan.

11 U.S.C. § 1112(b)(4) sets forth specific examples of cause, including but not limited to gross mismanagement of the estate; substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; the unexcused failure to timely file monthly reports; the failure to timely provide information requested by the Bankruptcy Administrator; and the failure to file a disclosure statement or confirm a plan within the time fixed by this title or by order of the court.

Based upon the pleadings and the evidence presented at the hearing, cause exists to convert this case from a Chapter 11 to a Chapter 7 proceeding. The evidence is overwhelming that there is a substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. Pursuant to section 1112(b)(1), Congress has taken the discretion away from the court if cause is established and no unusual circumstances are present. Based on the testimony given at the hearing, the Debtor has failed to establish that such unusual circumstances exist. Therefore, cause is established based on all of the above, and absent unusual circumstances specifically identified by the court that establish that the requisite conversion is not in the best interest of creditors and the estate, this case shall be converted to a Chapter 7.

Based on the foregoing, the Motion to Convert Case to Chapter 7 is **GRANTED**. The Bankruptcy Administrator is directed to appoint a Chapter 7 Trustee. Upon the recommendation of the Bankruptcy Administrator, Walter L. Hinson, is hereby appointed as the Chapter 7 Trustee to administer the estate and perform the duties set forth in 11 U.S.C. § 704.

**SO ORDERED**.

**END OF DOCUMENT**