**SO ORDERED.**

**SIGNED this 26 day of March, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

SUZANNE S. CLIFTON,                           CHAPTER 7
                                              CASE NO. 09-02379-8-RDD
    DEBTOR

ORDER DENYING MOTION TO DECLARE
ASSET NON-EXEMPT AND FOR TURNOVER

Pending before the Court is the Motion for Determination that Asset is Asset of the Estate and Order for Turnover by Custodian Northwestern Mutual Investment Services (the "Motion") filed by the Chapter 7 Trustee on February 24, 2012, and the Response to Trustee's Motion for Determination that Asset is Asset of the Estate and Order for Turnover by Custodian Northwestern Mutual Investment Services (the "Response") filed by Suzanne S. Clifton (the "Debtor") on March 9, 2012. The Court conducted a hearing in Wilson, North Carolina on March 12, 2012 to consider the Motion and the Response.

**BACKGROUND**

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 24, 2009. At the time the petition was filed, the Debtor had an interest in a 401k plan designated as The Castleton Group 401(k) Plan (the "401(k) Plan"). Debtor's Schedule C, filed on

April 8, 2009, claimed as exempt the 401(k) Plan pursuant to N.C.G.S. § 1C-1601(a)(9). Schedule C stated the 401(k) Plan "funds have been frozen pursuant to Order entered in Castleton Group Chapter 7 case." Amended Schedule C filed on March 8, 2012, listed the same asset as exempt. Castleton Group, Inc. ("Castleton Group") is a company that provides payroll and human resources services to their clients. The Debtor is the President of Castleton Group. Over 1,000 employees had 401(k) retirement plans with Castleton Group. Transamerica Financial Life Insurance Company ("Transamerica") provided recordkeeping and third-party administration services with respect to Castleton Group. Castleton Group filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 22, 2007, docketed as case no. 07-02896-5-RDD.

On September 14, 2011, the Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code and Walter L. Hinson was duly appointed as the Chapter 7 Trustee (the "Trustee"). The 401(k) Plan was determined to be an exempt asset pursuant to this Court's order entered on February 15, 2012. At the hearing on March 12, 2012, the Debtor testified that in early January of 2012, the 401(k) Plan funds were rolled over into an Individual Retirement Account ("Northwestern IRA") with Northwestern Mutual Investment Services, LLC ("Northwestern"). After the rollover occurred, the Debtor withdrew funds from the Northwestern IRA.

The Trustee asserts that the Northwestern IRA was not scheduled or disclosed to the Court and is a non-exempt asset. The Trustee represents that the original investment in the Northwestern IRA was approximately $231,012.87 and that on January 9, 2012, the Debtor withdrew approximately $100,000.00 from the Northwestern IRA, leaving $130,998.89 remaining in the Northwestern IRA. The Trustee contends that Northwestern is a custodian of the invested funds, and should be directed to immediately turnover the property of the estate to the Trustee as required by

Section 542 of the Bankruptcy Code. Further, the Trustee requests the Court order the Debtor to turnover the $100,000.00 that was withdrawn from the Northwestern IRA. In response, the Debtor contends the funds in the 401(k) Plan were ERISA qualified and were claimed as exempt in the Debtor's original schedules and that these funds were merely rolled over into the Northwestern IRA in January of 2012. Therefore, the Debtor argues the funds continue to be exempt. Further, the Debtor represents that the rollover contribution from the 401(k) Plan was $181,012.87 and that in early January of 2012, the Debtor withdrew $50,000.00 from the account, not $100,000.00 as alleged by the Trustee.

At the hearing, the Debtor testified that the 401(k) Plan was established around 1997 with Castleton Group. Over 1,000 employees had 401(k) retirement plans with Castleton Group. In early 2008, the IRS froze the 401(k) plans for all participants. The Debtor was unable to continue contributing to her 401(k) Plan once it was frozen. In November of 2011, the participants were notified that their 401(k) plans were unfrozen. Transamerica provided the participants with forms to elect what they wished to do with their 401(k) plan funds. The Debtor chose to roll her 401(k) Plan funds over to Northwestern in January of 2012. Northwestern did not have 401(k) plans, so the funds were rolled over into an IRA. The Debtor testified she is 68 years of age and this is her only retirement account. She testified that she withdrew $50,000.00 from the Northwestern IRA in January of 2012, and she used the funds for various expenses and bills. At the hearing, Debtor's Exhibit E was allowed into evidence. Page 3 of Exhibit E, shows that as of December 31, 2011, the Northwestern IRA had an account balance of $0. Page 4 of Exhibit E shows on January 4, 2012, $181,012.87 was rolled over into the Northwestern IRA. Page 3 of Exhibit E shows on January 9, 2012, $50,015.00 was withdrawn from the account reflecting a balance of $130,998.89 as of January

31, 2012. In the "Activity Summary" section on page 3 of Exhibit E, it shows $100,000.00 was withdrawn, seemingly inconsistent with page 4 of Exhibit E. The Debtor testified that she only withdrew $50,000.00 from the Northwestern IRA. Because the transactions listed on page 4 of Exhibit E show that $181,012.87 was rolled over into the account on January 4, 2012 and that $130,998.89 remained in the account as of January 31, 2012, the Debtor's testimony is plausible.

## DISCUSSION

Pursuant to Federal Rule of Bankruptcy Procedure 4003(c) the objecting party has the burden of proving that an exemption is not properly claimed. *In re Goldstein*, No. 11-03210-8-RDD at 3 (Bankr. E.D.N.C. Sept. 23, 2011). Accordingly, "in this matter the Trustee has the burden of proving the Debtor's IRA is a non-exempt asset." *Id.*

The exemptions provided in "11 U.S.C. § 522(d) are not applicable to the residents of North Carolina." *Id.* at 4 (citing N.C. Gen. Stat. § 1C-1601(f) (2009)). "Instead, North Carolina law provides bankruptcy debtors with a separate set of exemptions." *Id.* North Carolina General Statute § 1C-1601(a)(9) provides the exemption for an IRA in North Carolina protects:

> [i]ndividual retirement plans as defined in the Internal Revenue Code and any plan treated in the same manner as an individual retirement plan under the Internal Revenue Code, including individual retirement accounts and Roth retirement accounts as described in section 408(a) and section 408A of the Internal Revenue Code, individual retirement annuities as described in section 408(b) of the Internal Revenue Code, and accounts established as part of a trust described in section 408(c) of the Internal Revenue Code.

*Id.* (quoting N.C. Gen. Stat. § 1C-1601(a)(9) (2009)).

"[I]f an account qualifies as an IRA under 26 U.S.C. § 408, an account holder has 'a nonforfeitable right to the balance held in those accounts.'" *Id.* (quoting *Rousey v. Jacoway*, 544

4

U.S. 320, 327 (2005)). Pursuant to 26 U.S.C. § 408(e)(2), "an IRA loses its tax exempt status only when an account holder engages in a prohibited transaction as defined by 26 U.S.C. § 4975." *Id.* Section 4975(c)(1) expressly prohibits the direct or indirect:

> (A) sale or exchange, or leasing of any property between a plan and a disqualified person;
> (B) lending of money or other extension of credit between a plan and a disqualified person;
> (C) furnishing of goods, services, or facilities between a plan and a disqualified person;
> (D) transfer to, or use by or for the benefit of, a disqualified person of the income or assets of a plan;
> (E) act by a disqualified person who is a fiduciary whereby he deals with the income or assets of a plan in his own interest or for his own account; or
> (F) receipt of any consideration for his own personal account by any disqualified person who is a fiduciary from any party dealing with the plan in connection with a transaction involving the income or assets of the plan.

*Id.* (quoting 26 U.S.C. § 4975(c) (2011)).

"26 U.S.C. § 72(t) imposes a 10-percent tax penalty on 'withdrawals from IRAs made before the accountholder turns 59 ½.'" *Id.* at 5 (quoting *Rousey*, 544 U.S. at 327). "However, once the account holder reaches age 59 ½ withdrawals may be made penalty free with no effect on the tax exempt status of the account § 72(t)." *Id.*

Based on the evidence presented at the hearing, the Trustee has not met its Rule 4003(c) burden of proving the Northwestern IRA is not qualified for exemption from the bankruptcy estate under N.C. Gen. Stat. § 1C-1601(a)(9). The Court finds in the original schedules of exemptions the Debtor claimed as exempt the Castleton Group 401(k) Plan. According to Schedule C, the 401(k) Plan "funds [were] frozen pursuant to Order entered in Castleton Group Chapter 7 case." This was accurate on the date the Debtor's Chapter 11 petition for relief was filed and continued to be accurate. The order of this Court, entered on February 15, 2012, pursuant to the Trustee's Objection

to the Debtor's Claim for Exemptions, allowed as exempt the 401(k) Plan. The Debtor testified that she received information that the freeze on the Castleton Group 401(k) Plan funds had been lifted and she was contacted about how she wanted to proceed. She chose to roll the 401(k) Plan funds over to an IRA with Northwestern Mutual. Exhibits E, D, and B, allowed into evidence, corroborate her testimony that she set up an IRA in the amount of $181,012.87 with Northwestern. She testified that she withdrew $50,000.00 for various expenses, including her car payment. At the time this withdrawal was made, the Debtor was at least 59 1/2 years of age and was permitted to withdraw funds from the IRA penalty free. There is no evidence that the funds in the Northwestern IRA did not come from the 401(k) Plan and there is no evidence that the funds came from elsewhere. Therefore, the Trustee has failed to show the funds are not exempt and the Trustee's Motion is **DENIED**.

    **SO ORDERED.**

**END OF DOCUMENT**